UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 425 NOTRE DAME CONDOMINIUMS HOMEOWNERS ASSOCIATION, INC. | CIVIL ACTION |
| VERSUS | NO. 19-12873 |
| ROCKHILL INSURANCE GROUP | SECTION "R" (3) |

## ORDER AND REASONS

Plaintiff, 425 Notre Dame Condominiums Homeowners Association, Inc. ("Association"), moves for partial summary judgment,[1] contending that defendant, Rockhill Insurance Group ("Rockhill"), has erroneously denied coverage on the grounds that its coverage is excess rather than primary.[2] Rockhill opposes the motion.[3] Because the defendant's interpretation under the policy is the correct one, with which plaintiff agrees in its Reply,[4] the Court denies the motion.

---

[1]   R. Doc. 29.
[2]   R. Doc. 29-1 at 1, 5, 8.
[3]   R. Doc. 30.
[4]   R. Doc. 33.

I.  **BACKGROUND**

This is a coverage dispute arising from property damage allegedly caused by fire sprinklers. The Association alleges that it is a governing body of unit owners and the entity responsible for the administration and operation of residential and commercial condominiums located at 425 Notre Dame Street, New Orleans, Louisiana (the "Property").[5]

The Association alleges that, on March 25, 2018, and again on March 27, 2018, the Property's fire sprinkler system ruptured, causing a significant influx of water into the Property (the "Incident").[6] The Association alleges that the Incident caused damage to common areas and to individual condominium units.[7]

After the Incident, the Association asserts that it made a claim with Rockhill, its insurer, for the losses arising out of the Incident.[8] The Association contends that Rockhill accepted coverage and issued a preliminary payment totaling $258,027.89.[9] But plaintiff alleges that, on May 31, 2019, Engle Martin & Associates, L.L.C. ("EMA"), on behalf of Rockhill, sent a denial letter to the Association communicating that it had no

---

5   R. Doc. 1 at 1 ¶ 1.
6   *Id.* at 6 ¶ 15.
7   *Id.*
8   *Id.* at 6 ¶ 16.
9   *Id.* at 7 ¶ 20.

2

obligation to pay any additional amounts for the losses caused by the Incident.[10] Rockhill contends that it denied further payments because the losses the Association claimed were for "betterments and improvements" made by individual condominium owners within their units, which are not covered by its policy.[11]

Plaintiff asserts breach-of-contract and bad-faith claims against Rockhill resulting from the additional losses that Rockhill has refused to pay.[12] Rockhill issued Policy No. RCPCRU000024-00 to the Association, providing all-risk coverage with a limit of $33,062,000.00, with effective dates from June 6, 2017 through June 6, 2018.[13] Plaintiff attaches the Rockhill policy to its motion for partial summary judgment. The Rockhill policy provides:

> In the event that there is other insurance covering loss or damage which is also insured under this policy, then this policy shall apply only as excess to such other insurance, and shall not be responsible for indemnification for loss until all other insurance has been exhausted, whether collectible or not. This policy shall not be contributory insurance, unless the policy is specifically to be contributing or quota share insurance.[14]

---

[10] *Id.* at 8 ¶ 25.
[11] R. Doc. 30 at 7, 11.
[12] *Id.* at 10-12.
[13] R. Doc. 29-6 at 2 ¶ 3 (The Association's Statement of Facts); R. Doc. 30-2 at 1 ¶ 3 (Rockhill's Statement of Facts).
[14] R. Doc. 29-4 at 33 (Rockhill Policy).

3

Plaintiff points to another provision in the Rockhill policy, which provides that "[a]ny provision required by law to be included in policies issued by Rockhill Insurance Company be deemed to have been included in this policy."[15]

Plaintiff contends that the Louisiana Condominium Act (the "Act"), La. Rev. Stat. § 9:1121.101, *et seq.,* requires that the policy provide primary coverage, and that Rockhill's policy violates the Act.[16] In response, Rockhill states that it does not contend that its coverage is excess. Rather, it says that its coverage is primary with respect to common elements that are not classified as betterments or improvements installed by unit owners and that such betterments and improvements are simply not covered by the Rockhill policy.[17] Its position is that the losses it refused to pay were unit owner betterments and improvements.[18] Based on its Reply brief, the Association appears to agree with Rockhill's policy interpretation, although it apparently disagrees with how Rockhill classified the losses on which it denied coverage.[19] The Court considers the motion below.

---

[15] *Id.* at 31.
[16] R. Doc. 29-1 at 1, 8.
[17] R. Doc. 30 at 11.
[18] *Id.*
[19] R. Doc. 33.

4

## II.     LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion,

6

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## III. DISCUSSION

The Louisiana Condominium Act (the "Act"), La. Rev. Stat. § 9:1121.101, *et seq.*, regulates condominium regimes and establishes minimum insurance requirements for condominium associations. The Act defines "condominium" as "the property regime under which portions of immovable property are subject to individual ownership and the remainder thereof is owned in indivision by such unit owners." La. Rev. Stat. § 9:1121.103(1). It mandates that a "unit owners' association shall be organized no later than the date the condominium is created." La. Rev. Stat. § 9:1123.101. An "association" means a corporation, or unincorporated association, owned by or composed of the unit owners and through which the unit owners manage and regulate the condominium." La. Rev. Stat. § 9:1121.103(8).

At the time of Rockhill's denial,[20] the Act provided the following requirements for insurance coverage:

> A. Commencing not later than the time of the first conveyance of a unit to a person other than a declarant, the association shall maintain, to the extent reasonably available:
>
> (1) Property insurance on the common elements *and units, exclusive of improvements and betterments installed in units by unit owners*, insuring against all risks of direct physical loss commonly insured against. The total amount of insurance after application of any deductibles shall be not less than eighty percent of the actual cash value of the insured

---

[20] The Act was amended on August 1, 2019. "'Generally, the determinative point in time separating prospective from retroactive application of an enactment is the date the cause of action accrues.'" *Church Mut. Ins. v. Dardar*, 145 So. 3d 271, 280 (La. 2014) (quoting *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1063 (La. 1992)). That is, the Court must determine if the cause of action accrued before or after August 1, 2019, to determine which version of the statute applies. "A cause of action does not 'accrue' until suit may be legally instituted upon it, that is, when it becomes immediately enforceable." *Louette v. Sec. Indus. Ins.*, 361 So. 2d 1348, 1350 (La. Ct. App. 1978). Generally, a breach-of-contract claim accrues on the date of breach—the date of a wrongful coverage denial in the insurance context. *Lexington Ins. v. Sewerage & Water Bd. of New Orleans*, No. 10-460, 2010 WL 4366430, at *2 (E.D. La. Oct. 27, 2010) (applying Louisiana law and noting that a breach-of-contract claim accrued on the date of coverage denial). Rockhill allegedly denied coverage on May 31, 2019, before the August 1, 2019 amendment. R. Doc. 1 at 8 ¶ 25. As to plaintiff's claims for bad-faith coverage denial, those claims accrue either "thirty days" after the insurer's "receipt of satisfactory proofs of the loss," La. Rev. Stat. § 22:1982, or "sixty days" after the insurer's receipt of "satisfactory proof of loss," La. Rev. Stat. § 22:1973. The Association alleges that Rockhill received satisfactory proof of loss on May 15, 2019. R. Doc. 1 at 11. Thus, plaintiff's bad-faith claims accrued no more than sixty days later, or on July 14, 2019. Consequently, both causes of action accrued before the August 1, 2019 amendment.

>property, exclusive of land, excavations, foundations, and other items normally excluded from property policies; and
>
>C. Insurance policies carried pursuant to Subsection A must provide that:
>
>(4) If, at the time of loss under the policy, there is other insurance in the name of a unit owner covering the same property covered by the policy, *the policy is primary insurance not contributing with the other insurance.*

La. Rev. Stat. § 9:1123.112 (emphases added). "Common elements" refers to "the portion of the condominium property not a part of the individual units." La. Rev. Stat. § 9:1121.103(5). A "unit" is "a part of the condominium property subject to individual ownership." La. Rev. Stat. § 9:1121.103(3). There is no definition for "improvements and betterments" within the definitions section of the Act. La. Rev. Stat. § 9:1121.103.

An insurance policy subject to the Act must provide coverage in accordance with the Act. *See Lussan v. State Farm Ins.*, 659 So. 2d 830, 833 (La. App. 5 Cir. 1995) (providing that State Farm's coverage was "in derogation of the statute" to the extent it did not provide coverage consistent with the Act); *see also Adams v. Thomas*, 729 So. 2d 1041, 1043 (La. 1999) ("Insurance policies issued in this state are considered to contain all provisions required by statute.").

Under the Act, "[a] condominium regime is established by the execution of a condominium declaration by the owner of the immovable

property to be conveyed and by every lessor of a lease the expiration and termination of which will terminate the condominium or reduce its size." La. Rev. Stat. § 9:1122.101. Rockhill has provided the Association's declaration.[21] The declaration provides as follows with respect to coverage:

> **Coverage.** The Association or Manager shall at all times, to the extent reasonably available, maintain insurance as follows:
>
> (a) The Condominium Property, including the Buildings, the common areas and all other insurable improvements upon the land, including, without limitation, the fixtures, furniture and furnishings in the common areas, and to the extent reasonably available, the Units (<u>exclusive of improvements and betterments installed in Units by Unit Owners, excluding furniture, or other personal property in the Unit, as well as all personal or movable property located in the Unit, the Limited Common Elements or the Special Limited Common Elements</u>), . . . Such coverage, to the extent reasonably available, shall afford protection against all risk of direct physical loss commonly insured against . . . .[22]

The declaration also requires unit owners to obtain insurance for property not covered by the Association's policy. The relevant passage provides:

> **Insurance Obtained by Unit Owners.** Each Unit Owner SHALL obtain for his own benefit or for the benefit of his Mortgagee, and at such Unit Owner's own expense, separate or additional condominium insurance on his Unit and the interest in his Unit against loss by fire (flood, if in a flood zone) or other casualty which is not covered by a blanket or master policy obtained and maintained in effect by the Association as hereinabove provided. An individual Unit Owner SHALL also

---

[21] R. Doc. 30-1 (Declaration).
[22] *Id.* at 22-23 (emphasis in original).

obtain for his own benefit and at his own expense insurance coverage for personal liability and for casualty losses of any improvements made by an owner to the immovable property within his Unit, the personal property of the Owner or occupant situated within the Unit (which are not covered by any Association policies), and of other portions of the Condominium Property not covered by the master policy. Such insurance shall be of the type of coverage generally referred to as condominium insurance . . . .[23]

In the Rockhill policy, only the Association is listed as the "Named Insured."[24] No individual unit owners are listed as insureds. The "Covered Property" includes the "Residential Condos & Retail Space" at 425 Notre Dame Street, New Orleans, LA 70115.[25] The Policy indicates that the "Covered Property" includes the Association's "interest in buildings and structures" as well as the Association's "interest in business personal property."[26] The policy does not insure property in which the named insured, the Association, does not have an interest.

There is no dispute that the policy contains a clause requiring the policy to conform with the requirements of the Condominium Act. And the Act does require that the coverage Rockhill must provide must be primary coverage. La. Rev. Stat. § 9:1123.112(A)(1), (C)(4). Nevertheless, the excess

---

[23] R. Doc. 29-4 at 24 (Rockhill Policy).
[24] *Id.* at 1.
[25] R. Doc. 29-6 at 1-2 ¶¶ 2-3 (The Association's Statement of Facts); R. Doc. 30-2 at 1 ¶¶ 2-3 (Rockhill's Statement of Facts).
[26] R. Doc. 29-4 at 13 (Rockhill Policy).

11

clause in the Rockhill policy does not violate the Act as plaintiff asserted. The Act requires the coverage it mandates to be primary, and this coverage is for "the common elements and units, exclusive of improvements and betterments installed by unit owners." La. Rev. Stat. § 9:1123.112. In its Reply brief, plaintiff now agrees with this interpretation of the Act.[27] Rockhill does not dispute that it provides primary coverage of common elements that are not improvements and betterments installed by unit owners.

The parties' dispute apparently lies in whether Rockhill properly classified losses as betterments or improvements, which the parties agree are not covered by the policy. As plaintiff has not identified any specific property to which coverage was allegedly denied improperly, this issue is not before the Court.

## IV. CONCLUSION

For the foregoing reasons, the motion is DENIED.

New Orleans, Louisiana, this __17th__ day of May, 2021.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[27] R. Doc. 33 at 2.